HOFFMAN ET AL. *v.* ALFORD.

[No. 12,511.   Filed February 23, 1927.]

1. APPEAL.—A joint assignment of error presents no question as to rulings which affect one appellant only.  p. 626.
2. BILLS AND NOTES.—*Introduction of note, with assignment thereon to plaintiff, authorized his recovery.*—Where a note, with payee's indorsement thereon, whereby it was assigned to the plaintiff, was introduced in evidence, the plaintiff was entitled to recover the amount due thereon, in the absence of evidence to sustain an answer of payment, there being no plea under oath denying the execution of the note or its assignment. p. 626.
3. BILLS AND NOTES.—*Giving check payable to payee's estate not payment when note had been assigned by payee.*—Giving to a collecting bank a check for the amount due on a note, payable to the "estate" of the deceased payee, was not payment as against the assignee of payee.  p. 626.
4. PLEADING.—*Refusal to permit filing of additional paragraph of answer after plaintiff had closed his evidence not abuse of discretion.*—The granting of leave to file a paragraph of answer denying under oath the assignment to plaintiff of the note used on, after the plaintiff had closed his evidence, was in the discretion of the trial court, and the denial of the application was not an abuse of discretion.  p. 626.

From Union Circuit Court; *E. Ralph Himelick,* Special Judge.

Action by George E. Alford against Charles Hoffman and others.   From a judgment for the plaintiff, the defendants appeal.   *Affirmed.*   By the court in banc.

*M. P. Hubbard* and *G. Edwin Johnston,* for appellants.

*I. N. McCarty* and *Owen S. Boling,* for appellee.

McMahan, C. J.—Complaint by appellee against Charles Hoffman and Farmers Bank of Metamora, alleging that appellant Hoffman, for a consideration, executed his promissory note to William Alford, who thereafter assigned the same to appellee; that appellee left the note with appellant bank for collection; that thereafter Hoffman gave the bank a check payable to the "estate of William Alford" for the amount of the note. On receipt of this check, the bank marked the note paid and delivered it to Hoffman. William Alford was dead and the only questions in controversy related to the ownership of the note and whether it had been paid.

The note, with the indorsement by the payee to appellee, was introduced in evidence. There was no evidence bearing on the ownership of the note other than the assignment on the back of the note and the fact that the note was in the possession of appellee. There is no claim that the note had been paid, other than by the giving of the check as hereinbefore stated, which was not payable to appellee but which was payable to the "estate of William Alford." These facts being undisputed, the court instructed the jury to return a verdict for appellee.

After the plaintiff had closed his evidence, appellant Hoffman filed an application for leave to file an additional paragraph of answer, denying under oath the assignment of the note to appellee. This was denied, and the action of the court in denying Hoffman leave to file his additional paragraph of answer is one of the specifications in Hoffman's motion for a new trial.

The only proper specifications in the assignment of errors are that the court erred: (1) In sustaining a motion to strike out part of third paragraph of the separate answer of Hoffman; (2) in sustaining a de-

murrer to said third paragraph of Hoffman's answer; (3) in overruling the separate motions of each of the appellants for a new trial.

Appellee calls attention to the fact that the assignment of errors is joint and insists that no question is presented for our consideration. This contention

1. is well taken in so far as it relates to specifications Nos. 1 and 2. It may be that specification No. 3 does not present any question, but since the cause must be affirmed on the merits, we assume, without deciding, that the action of the court in overruling the separate motion of each appellant for a new trial is properly presented for our consideration.

The note, with the assignment of the payee, William Alford, was introduced in evidence, and, in the absence of an answer under oath denying the execution

2-4. of the note or the assignment thereof to appellee, entitled appellee to a verdict for the amount due on the note, in the absence of any evidence to sustain the answer of payment. Appellants contend the giving of the check to appellant bank payable to the "estate of William Alford" is evidence of payment, and that, with this evidence in the record, it was error for the court to instruct the jury to return a verdict for appellee. We cannot agree with this contention. This check was not payable to appellee and did not constitute payment. There being no other evidence to support the answer of payment, there was no error in the action of the court in directing a verdict for appellee. The question as to whether Hoffman should have been given leave to file the verified answer was a matter calling for the exercise of the court's discretion, and we are not inclined to hold there was an abuse of this discretion.

Judgment affirmed.

Dausman, J., absent.